IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No.  40523-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRIAN D. LIVELY, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

STAAB, C.J. — Brian Lively appeals his convictions for third degree assault and resisting arrest.  He contends the court abused its discretion by improperly granting multiple continuances.  The State argues that Lively invited the error by requesting the continuances, and his failure to follow court rules precludes reversal.  Notwithstanding the State's misapplication of invited error doctrine, we conclude Lively's claimed error is waived and affirm his convictions.

BACKGROUND

Brian Lively was charged by information on December 18, 2023.  He was appointed an attorney and arraigned on January 8, 2024.  Lively was detained in jail while awaiting trial.

Defense counsel successfully moved the court for five continuances on: January 22, February 5, February 26, March 4, and March 18. The State did not object to any of the continuances, nor did Lively counter his attorney's motions.

Defense counsel did not provide a reason necessitating the initial continuance granted on January 22 and the court did not request one. At each of the four subsequent motion hearings, defense counsel explained that another continuance was necessary to either conduct additional witness interviews and/or to review and consider a time-served plea offer made by the State. The record on appeal includes the court's oral rulings but no written orders. During one of its five oral rulings—on March 4—the court stated its reasons for granting the continuance on the record: "Mr. Lively, your matter is going to be reset in two weeks to see if there is perhaps [a] resolution—that interviews can be done to prepare your case for trial." Rep. of Proc. at 373. The court did not articulate its reasoning in any of its four other rulings.

On April 15, the parties filed an omnibus application indicating June 14 as the last day of the time for trial period, and a scheduling order setting trial for June 13 and 14.

Lively filed pro se motions on May 1 and May 28. In his first motion, Lively requested a hearing to dismiss his charges under CrR 3.3(b)(1) and CrR 3.3(f)(2) for violation of time for trial rights. In the motion and accompanying declaration, Lively

stated he had been incarcerated for 130 days without a trial date and defense counsel had continued his case five to six times contrary to his express wishes. Lively's second motion echoed the first, noting his 155-day period of incarceration and requesting dismissal for violation of speedy trial. Lively also moved to substitute counsel and later moved to disqualify the assigned judge.

The court held a special hearing on June 12 to discuss Lively's motions. The court determined there was no basis to remove defense counsel or the judge and trial would proceed the next day as scheduled. RP at 35. Trial occurred on June 13 and 14 and the jury found Lively guilty as charged on two of the three counts.

Lively appeals.

## ANALYSIS

Lively contends the trial court abused its discretion and violated CrR 3.3 by granting multiple continuances without Lively's written consent and without finding good cause. The State argues that Lively invited error by requesting the continuances and waived any objection by failing to comply with the procedural rules of CrR 3.3. We conclude that Lively's claim of error was waived.

We review "trial court decisions to grant or deny motions for continuances [for] an abuse of discretion." *State v. Downing*, 151 Wn.2d 265, 272, 87 P.3d 1169 (2004). A court abuses its discretion when its decision is manifestly unreasonable or made on

untenable grounds. *Id*. A misapplication of the law is an abuse of discretion. *State v. Agustin*, 1 Wn. App. 2d 911, 916, 407 P.3d 1155 (2018).

Generally, "[a] defendant who is detained in jail shall be brought to trial within . . . 60 days" after "the date of arraignment." CrR 3.3(b)(1), (c)(1). Continuances or periods of delay granted by the court are excluded when computing the time for trial. CrR 3.3(e)(3). A continuance may be granted "[u]pon written agreement of the parties" or "[o]n motion of the court or a party." CrR 3.3(f)(1)-(2). "The court must state on the record or in writing the reasons for the continuance." CrR 3.3(f)(2). Moving for a continuance "by or on behalf of any party waives that party's objection to the requested delay." *Id*.

A party who objects to a trial date set outside the time limits prescribed by CrR 3.3 must move the court within 10 days after notice of the trial setting is given. CrR 3.3(d)(3). "A party who fails, for any reason, to make such a motion shall lose the right to object that a trial commenced on such a date is not within the time limits prescribed by this rule." CrR 3.3(d)(3).

Here, the court granted five continuances, each on the motion of defense counsel. However, the court stated the reasons for the continuance on the record on only one such occurrence—March 4. Consequently, the court's failure to make the necessary record for the continuances granted on January 22, February 5, February 26, and March 18

4

constitute an abuse of discretion. However, because each motion was made by defense counsel on behalf of Lively, he waived any objection to the delay.[1] *See* CrR 3.3(f)(2).

Despite this waiver, Lively filed an objection to the trial date on May 1. Even if we were to consider Lively's objection, we conclude that it was untimely. Trial was set on April 15 for June 13 and 14. Under the rule, Lively was required to file any objection within 10 days of receiving notice of the trial setting, i.e., by April 25. *See* CrR 3.3(d)(3). Lively's objection on May 1 was untimely. As such, even if June 13 was outside the time limits prescribed by CrR 3.3, Lively lost the right to object under CrR 3.3(d)(3).

Lively argues his case is like *State v. Saunders*,[2] where the appellant's speedy trial rights were violated when the trial court granted three continuances without adequate basis. This comparison fails because of two key differences. First, the defendant in *Saunders* expressly, timely, and repeatedly objected to defense counsel's motions for continuance. *Id*. at 212. That did not happen here. Second, the *Saunders* court failed to articulate an adequate basis for continuances sought by the State. *Id*. at 217-19. And because the State's motions were not made on behalf of the defendant, the defendant did

---

[1] Lively suggests that any deviation from CrR 3.3 warrants dismissal of charges with prejudice. However, CrR 3.3(h) provides for dismissal only when the defendant's CrR 3.3 time for trial is violated.

[2] 153 Wn. App. 209, 217-20, 220 P.3d 1238 (2009).

not waive an objection to the delay. *See* CrR 3.3(f)(2). Whereas here, all five motions for continuance were made by defense counsel on Lively's behalf.

Lively further contends he informed defense counsel of his objection to the case being continued and that the court never asked him whether he agreed or objected. This argument also fails for several reasons. First, Lively does not provide authority that requires a trial court to engage a represented defendant in its colloquy when deciding a motion to continue. *See State v. Loos*, 14 Wn. App. 2d 748, 758, 473 P.3d 1229 (2020) ("When a party provides no citation to support an argument, this court will assume that counsel, after diligent search, has found none."). Second, the record does not support Lively's assertion that he objected to a continuance earlier than May 1. Lastly, our Supreme Court has consistently held that it is not an abuse of discretion when a trial court grants a continuance "over the defendant's objection to ensure that counsel was adequately prepared and provided effective representation." *State v. Ollivier*, 178 Wn.2d 813, 824 n.2, 312 P.3d 1 (2013); *see, e.g.*, *State v. Campbell*, 103 Wn.2d 1, 14-15, 691 P.2d 929 (1984) (where the continuance was necessary for effective representation given the case's complexity and length); *State v. Luvene*, 127 Wn.2d 690, 698-99, 903 P.2d 960 (1995) (where defense counsel needed additional time to interview witnesses).

By moving the court to continue his trial date, Lively waived any objection to the delay. He does not otherwise demonstrate that his trial was held in violation of the time limits proscribed in CrR 3.3.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, C.J.

WE CONCUR:

_____
Lawrence-Berrey, J.

_____
Cooney, J.